**In re QUICK RELEASE, INC., A Corporation, Sioux Falls, SD, a/k/a Frisco's Disco, Debtor.**

**Bankruptcy No. 479–00268(C).**

United States Bankruptcy Court, D. South Dakota.

Oct. 30, 1980.

J. Bruce Blake, Sioux Falls, S. D., for debtor.

Richard W. Sabers and Rick A. Yarnall, Dana, Golden, Moore & Rasmussen, Sioux Falls, S. D., for creditor.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This is an 11 U.S.C. Section 331 Interim Compensation proceeding. After the passing of 120 days from the initial filing of the bankruptcy petition, J. Bruce Blake, Debtor's attorney, filed a Notice of Proposed Action that, unless the creditors filed specific objections within twenty (20) days, Debtor's attorney, without further notice to the creditors, would make application for an order awarding him compensation for services rendered and reimbursement for actual, necessary expenses in the amount of $7,229.50.

Kirkwood, Inc., hereinafter Kirkwood, an unsecured creditor, filed Objections to the Proposed Action. Kirkwood raised six specific objections, which summarized are: (1) No specific itemization for time spent on each matter in his statement; that the fees are excessive and premature since: (2) no Debtor's plan has yet been proposed or confirmed and Debtor will probably make an additional application for fees; (3) there has been no determination as to how the fees are to be paid; (4) the attorney fees are excessive for services rendered; (5) no one yet knows whether the reorganization will be successful and that should have a bearing on the amount awarded for attorney fees; and (6) if the Court approves the amount Debtor's attorney has requested, it will make Debtor's attorney one of the largest creditors and lessen the chance for success.

After Kirkwood filed its objections, Debtor's attorney filed a Motion and Notice of Motion to bring the application on for a hearing.

This Bankruptcy Court held a hearing on the application. Based on the evidence and the oral arguments presented to the Court by counsel, the Court makes the following findings of fact and conclusions of law.

### (1) *Lack of Itemization*

■ In response to Kirkwood's objection that Debtor's attorney failed to submit an itemization of services rendered, Debtor's attorney filed with the Court Exhibit 1, which is a copy of the time log kept by Debtor's attorney for work done in the case of Quick Release. Further, Debtor's attorney offered to produce cancelled checks for every expense listed in the statement attached to the Notice of Proposed Action.

In order to help understand the time log, Debtor's attorney explained to the Court that for work done prior to July 1, 1980, he charged $75.00 per hour for his time and $35.00 per hour for his Certified Legal Assistant's (hereinafter CLA's) time. After July 1, 1980, Debtor's attorney charged $80.00 per hour for his time, $40.00 per hour for his CLA's time, $20.00 per hour for the time spent preparing reports for the Trustee, and $20.00 per hour for creative work done by office staff. Further, Debtor's attorney charges 25 cents a copy for photocopying.

This Bankruptcy Court finds that, based on the time log and the hourly rates charged by Debtor's attorney, Debtor's attorney adequately explained to the Court's satisfaction how he arrived at the figure of $9,029.50 for total costs advanced, attorney fees and state taxes, of which Debtor has paid his attorney $1,800.00, leaving $7,229.50 owing.

### (2) *Application Premature*

■ Kirkwood drew the Court's attention to the fact that no plan has yet been confirmed. In view of that fact, Kirkwood argued that the application is premature since Debtor's attorney will undoubtedly make further application for fees in the future.

11 U.S.C. Section 331, Interim Compensation, provides:

... a debtor's attorney ... may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an

application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation reimbursement.

A legislative footnote to Section 331 explains that, "The only effect of this section is to remove any doubt that officers of the estate may apply for, and the court may approve, compensation and reimbursement during the case, instead of being required to wait until the end of the case, which in some instances may be years." H.R.Rep. No.595, 95th Cong., 1st Sess. 330 (1977); S.Rep.No.989, 95th Cong., 2d Sess. 42 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5828.

More than 120 days have elapsed since Debtor filed the Chapter 11 bankruptcy on November 1, 1979. This Bankruptcy Court rejects Kirkwood's argument that, because Debtor's attorney will probably make further application for fees in the future, the present application should be denied.

This Court is aware that bankruptcy cases, especially Chapter 11 reorganization cases, can last years before they are closed. The approach suggested by Kirkwood would, in effect, require counsel for a debtor to either (1) finance the case until its conclusion or (2) require such a large deposit or retainer fee that the effect would be prohibitive on potential debtors. The language of Section 331 and the legislative history suggests that it was Congress' intent to achieve just the opposite.

This Bankruptcy Court holds that under 11 U.S.C. Section 331 it has the authority to allow the application by Debtor's attorney and that such application is timely.

### (3) Payment

■ In response to Kirkwood's objection that there has been no determination as to how the fees are to be paid, Debtor's attorney pointed out that this Bankruptcy Court had allowed Debtor to enter into a management contract with Promotional Concepts. Under paragraph (e) of that contract, Promotional Concepts agreed to pay Debtor's attorney $500.00 a month for application to attorney fees and costs that are allowed and approved by the United States Trustee and the Bankruptcy Court.

This Bankruptcy Court holds that Debtor has provided a method for payment of the fees and costs which will not be detrimental to Debtor's chance for a successful reorganization. As long as the business is successfully operating, Debtor's attorney will continue to receive a portion each month of the fees and costs approved by this Court and owed him.

### (4) Excessive Fees

■ In response to Kirkwood's objection that the fees charged by Debtor's attorney are excessive, Debtor's attorney explained that in October of 1979, when Debtor hired him, the business has been closed for four or five months, lawsuits were pending against Debtor, and the Debtor had tax problems. While employed by Debtor, Debtor's attorney has negotiated a management contract whereby Promotional Concepts has taken over managing the business; the business is presently operating successfully and at a substantial profit; a plan and disclosure statement have been filed; and the plan provides for 100 per cent payment to creditors.

As to the objection by Kirkwood that Debtor's attorney should not be allowed to charge for his CLA's and office staff's time, Debtor's attorney argued the position that the expertise his CLA and staff have in the area of bankruptcy law qualifies them as paraprofessional persons. Further, Debtor's attorney argued to the Court that he does not run the typical law office of one secretary to a lawyer. In Debtor's attorney's one–lawyer office there are three legal secretaries, a bookkeeper, and one CLA. The CLA in Debtor's attorney's office is one of only five CLAs in the state of South Dakota. Further, his staff have such knowledge in the area of bankruptcy law that they are sometimes able to respond to Trustees', Debtors', creditors', and other counsel's questions without having to refer the matter to Debtor's attorney.

Debtor's attorney relies on 11 U.S.C. Section 330 in charging for his time, his CLA's time, and his staff's time. 11 U.S.C. Section 330 provides in part that the court may award to the debtor's attorney

(1) reasonable compensation for actual, necessary services rendered by such ... attorney, as the case may be, and by any paraprofessional persons employed by such ... attorney, as the case may be, based on the time, the nature, the extent, and value of such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

This Court finds that the CLA and the staff employed by Debtor's attorney, while engaging in creative work rather than mere secretarial duties, are paraprofessional persons within the meaning of 11 U.S.C. Section 330. 2 Collier on Bankruptcy, 15th Ed., Section 330.07 at page 330–18, notes that Section 330(a) "is designed to encourage attorneys and other professionals to use paraprofessional assistance where possible, and to ensure that the estate, not the professional, will bear the cost." Debtor's attorney has arranged his office to accomplish just that goal.

This Bankruptcy Court, based on Exhibit 1, which is Debtor's attorney's office time log, the statement of costs and services rendered prepared by Debtor's attorney and attached to the Notice of Proposed Action, and Debtor's attorney's oral explanation of the services that have been provided, holds that the amount of $9,029.50, of which $1,800.00 has been paid, represents the reimbursement for actual, necessary expenses and reasonable compensation for actual, necessary services rendered by Debtor's attorney and his staff of paraprofessional persons.

### (5) Success of Reorganization

■ At this time it is unknown whether Debtor's reorganization will be successful. Kirkwood argued that Debtor's attorney's application is premature since whether the reorganization is successful or not should have a bearing on the amount awarded for attorney fees.

This Bankruptcy Court holds that regardless of whether the reorganization is eventually successful, the services performed by Debtor's attorney were actual and necessary services and have resulted in a benefit to the estate. As a result of the efforts by Debtor's attorney, the business is now operating successfully and it appears that there will be a 100 per cent dividend to the creditors.

Nothing in the Bankruptcy Code suggests that attorneys employed by debtors should treat a bankruptcy case as a contingent fee arrangement. Yet, that would be the effect if this Bankruptcy Court held that in all cases the attorney for the debtor's fees are to be determined by whether the reorganization is successful. This Bankruptcy Court rejects that line of reasoning and holds that, under 11 U.S.C. Section 330 and 11 U.S.C. Section 331, where the services rendered were actual, necessary services, the Court will allow reasonable compensation for those services.

### (6) Largest Unsecured Creditor

■ Kirkwood's final argument is that if the Court approves the application, Debtor's attorney will become one of the largest single, unsecured creditors and thus lessen the Debtor's chance for a successful reorganization.

The Court rejects this argument. Under the proposed plan creditors will receive a 100 per cent payment. Again, the Court will not adopt an approach that would require the debtor's attorney to finance a case until the conclusion of the case, and that would hinge payment of the attorney fees and expenses upon whether the reorganization is successful. Where the services rendered by a debtor's attorney were necessary, actual services, the debtor's attorney is entitled to reasonable compensation.

### Conclusion

This Bankruptcy Court holds that Attorney Blake's Motion for allowance of attorney fees, costs, and state taxes, in the amount of $9,029.50, less $1,800.00 already

paid, is allowed as compensation for actual, necessary services rendered and reimbursement for actual, necessary costs. The foregoing will constitute the Findings of Fact and Conclusions of Law of the Court, and Debtor's attorney may submit an order consistent herewith.