In re D & W MOTEL ENTERPRISES, INC., d/b/a Vermillion Super 8 Motel, Vermillion, SD, Debtor.

Bankruptcy No. 480–00010.

United States Bankruptcy Court, D. South Dakota.

March 2, 1981.

J. Bruce Blake, Sioux Falls, S. D., for debtor.

William P. Westphal, Sr., Minneapolis, Minn., U. S. trustee.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This is an 11 U.S.C. Section 331 Interim Compensation proceeding in a Chapter 11 Bankruptcy. After the passing of 120 days from the initial filing of the bankruptcy petition, J. Bruce Blake, Debtor's attorney, hereinafter Attorney Blake, filed a Notice of Proposed Action that unless the creditors filed specific objections within twenty (20) days, Attorney Blake, without further notice to the creditors, would make application for an order awarding him compensation for services rendered and reimbursement for actual, necessary expenses in the amount of $3,000.44. In response, William P. Westphal, Sr., United States Trustee, hereinafter U. S. Trustee, filed objections to Attorney Blake's Application for Allowance of Interim Fees and Expenses.

## FACTS

The undisputed facts are that Attorney Blake has filed for interim compensation in the amount of $3,000.44. This fee is for services rendered and reimbursement for actual, necessary expenses. Included in Attorney Blake's Recapitulation of Services under the heading, "Paraprofessional Services", is a fee for services rendered by Sally Olson, Executive Secretary, and Joyce Anderson, Accounting and Reporting Secretary. The amount of the fee is $44.00 and the six per cent sales tax thereon. This is the fee that is being disputed by the U. S. Trustee.

In oral testimony to this Bankruptcy Court, Attorney Blake explained that he bills separately for his Executive Secretary and Accounting and Reporting Secretary when they are involved in creative work. The creative work in this instance is the preparation of numerous and extensive reports required by the U. S. Trustee. These reports are required from a debtor in possession in a Chapter 11 business reorganization. The customary practice in Attorney Blake's office is that a debtor gives to the paraprofessional staff the raw data needed to prepare the trustee reports. From this raw data Attorney Blake's Executive Secretary and Accounting and Reporting Secretary create the U. S. Trustee reports. Attorney Blake further stated that it would be more costly to the bankruptcy estate to have other professionals outside his office prepare the reports required by the U. S. Trustee.

## TRUSTEE'S OBJECTIONS

The U. S. Trustee objects to the allowance of any fees for Sally Olson, Executive Secretary, and for Joyce Anderson, Accounting and Reporting Secretary, as claimed in Attorney Blake's Recapitulation of Services Performed. The grounds for objection are that secretarial expense is a normal office expense of an attorney and is not separately billable as an item either of compensation for services rendered or for reimbursable expenses. The U. S. Trustee also contends that secretarial services are distinguishable from the services of a paraprofessional such as a Certified Legal Assistant, and to allow the reimbursement of secretarial services in this case would set a precedent for allowing any professional person to seek allowance for, or reimbursement of, secretarial expenses in any bankruptcy.

The U. S. Trustee, in support of his objection, cites this Bankruptcy Court to a decision of the United States Bankruptcy Court for the District of Puerto Rico, *In re City Planners and Developers, Inc., Debtor*, 5 B.R. 217, (July 9, 1980) in which the Court held:

"Charges for secretarial overtime and for outside messenger services were not proper charges and application of law firm which represented creditors committee for allowance of costs for such services was disallowed."

## ARGUMENTS IN SUPPORT OF ATTORNEY BLAKE'S MOTION FOR INTERIM COMPENSATION

Attorney Blake relies on 11 U.S.C. Section 330(a)(1) in charging for his time, his C. L. A.'s time, and his staff's time. 11 U.S.C. Section 330 provides in part that the court may award to the debtor's attorney:

"(1) reasonable compensation for actual necessary services rendered by such ... attorney, and by any paraprofessional persons employed by such ... attorney, based on the time, the nature, the extent, and value of such services, and the cost of comparable services other than in a case under this title."

Attorney Blake, in support of his Motion, brought to the attention of this Bankruptcy Court its Memorandum Decision, *In Re Quick Release, Inc.*, 6 B.R. 713, (October 30, 1980) where this Court held that the C. L. A. and the staff employed by Attorney Blake, while engaging in creative work rather than mere secretarial duties, are paraprofessional persons within the meaning of 11 U.S.C. Section 330(a)(1).

This Bankruptcy Court held a hearing on Attorney Blake's Application, found the foregoing facts and took the matter under advisement.

## ISSUE

The issue raised by the parties is whether Attorney Blake's Executive Secretary, Sally Olson, and Accounting and Reporting Secretary, Joyce Anderson, are paraprofessionals within the meaning of 11 U.S.C. Section 330(a)(1). If they are paraprofessionals, then 11 U.S.C. Section 330(a)(1) provides that Attorney Blake shall be compensated for services rendered.

■ This Bankruptcy Court has held in *In Re Quick Release, Inc.*, 6 B.R. 713, (October 30, 1980) that the C. L. A. and the staff employed by Debtor's attorney, while engaging in creative work rather than mere secretarial duties, are paraprofessional persons within the meaning of 11 U.S.C. Section 330(a)(1). In so holding, this Court relied upon legislative history that indicated Congress intended that bankruptcy practitioners bill separately for paraprofessional work the same as attorneys in other fields of the law. For purposes of this decision, the Court reaffirms the holding of *Quick Release* that the C. L. A. and the staff employed by Debtor's attorney, while engaging in creative work rather than mere secretarial duties, are paraprofessionals within the meaning of 11 U.S.C. Section 330(a)(1).

■ The question left to be resolved is whether the drafting of reports requested by the U. S. Trustee in a Chapter 11 business reorganization is creative work versus mere secretarial tasks. This Bankruptcy Court finds that when Attorney Blake's Executive Secretary and Accounting and Reporting Secretary are engaged in the preparation of reports required by the U. S. Trustee pilot program, they are involved in creative work. The preparation of the U. S. Trustee's reports is creative work because it involved gathering raw data and fashioning it into an original document. This Bankruptcy Court finds it untenable that the U. S. Trustee requires reports and then objects to the cost of their preparation.

■ Furthermore, this Bankruptcy Court finds that it was the intent of Congress upon enacting 11 U.S.C. Section 330 that this provision be included to reduce the cost of administering bankruptcy cases. (See House Report No. 95–595, 95th Cong., 1st Sess. (1977) 329–30, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6286.) Attorney Blake's custom of having his expert staff prepare the trustee reports versus having a debtor seek costly outside professional help benefits both the estate and the attorney, and thus furthers the purpose of 11 U.S.C. Section 330(a)(1).

## CONCLUSION

This Bankruptcy Court holds that Attorney Blake's Motion for allowance of attorney fees, paraprofessional fees, costs, and state taxes in the amount of $3,000.44 is allowed as compensation for actual, necessary services rendered and reimbursement for actual, necessary costs.

The foregoing will constitute Findings of Fact and Conclusions of Law of the Court, and Attorney Blake may submit an order consistent herewith.