In re GRENOBLE APARTMENTS, II, Debtors.

UNITED STATES TRUSTEE, Appellant,

v.

GRENOBLE APARTMENTS, II, Appellee.

Civ. 92–4154.

United States District Court, D. South Dakota, S.D.

Feb. 8, 1993.

Bruce James Gering, Atty. Advisor, Sioux Falls, SD, for appellant.

J. Bruce Blake, Sioux Falls, SD, for appellee.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, Chief Judge.

### Introduction

The United States Trustee appeals the bankruptcy court's Letter Decision of August 28, 1992 145 B.R. 43. The issues presented by this appeal are: (1) Whether a debtor's attorney is entitled to charge one-half of his attorney rate for services performed by a certified legal assistant (CLA);[1] and (2) Whether an attorney who performs legal research for the bankruptcy estate and who is not connected with the applicant through a formal business relationship must be appointed as a "professional" by the bankruptcy court in order to receive reimbursement from the bankruptcy estate.

### Jurisdiction

This Court takes jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

### Standard of Review

This Court reviews the bankruptcy court's legal conclusions *de novo*, while findings of fact are upheld unless clearly erroneous. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987).

### Background

On August 14, 1991, Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. Debtor filed an Application to Employ J. Bruce Blake as its bankruptcy attorney on September 25, 1991. An Order Approving Employment by the debtor-in-possession of J. Bruce Blake as its Chapter 11 attorney was entered on October 8, 1991.

On February 14, 1992, J. Bruce Blake filed an Interim Application for Compensation and Reimbursement in which he sought, *inter alia*, compensation for 21.2 hours of services provided by Joyce Gall, Certified Legal Assistant, at a rate of $57.50 per hour. J. Bruce Blake also sought reimbursement for 23.5 hours of legal research provided by Thomas A. Blake at a rate of $80.00 per hour. The United States Trustee filed an objection to this application on February 25, 1992. The United States Trustee objected to the rate of $57.50 per hour for a Certified Legal Assistant as being higher than the reasonable rate for such services in Sioux Falls, South Dakota. The United States Trustee also objected on the grounds that Thomas A. Blake should be appointed as a professional in the case prior to receiving reimbursement for professional services from the bankruptcy estate.

### Discussion

*I. CLA Fee*

■ 11 U.S.C. § 330(a) provides that the bankruptcy court may award to the debtor's attorney "reasonable compensation for actual, necessary services rendered by ... any paraprofessional persons employed by such ... attorney." The plain language of

---

1. For purposes of this Opinion, the Court will use the terms CLA and paralegal interchange-    ably.

the statute appears to encompass work performed by a paralegal and courts have interpreted the provision to include such work. *In re Quick Release, Inc.*, 6 B.R. 713 (Bankr.D.S.D.1980); 2 Collier on Bankruptcy ¶ 330.06, 330–71 & n. 7 (15th ed. 1992).

The bankruptcy court's Letter Decision stated: "A reasonable attorney's fee should be calculated on the basis of rates and practices prevailing in the relevant market.", *citing* Keith J. Shapiro & Matthew E. Wilkins, *Selected Issues Regarding Professional Fees and Expenses in Bankruptcy Cases*, 1991 Ann. Surv.Bankr.L. 147, 178.

It is generally understood that an award of attorney's fees is to be based on prevailing market rates.[2] *See Missouri v. Jenkins*, 491 U.S. 274, 283, 285–86, 109 S.Ct. 2463, 2470–71, 105 L.Ed.2d 229 (1989). The *Jenkins* Court also held that a recovery of attorney's fees under 42 U.S.C. § 1988 should include a recovery for paralegals. *Id.* at 289, 109 S.Ct. at 2472. After a lengthy discussion of the use of prevailing market rates in computing attorney's fees, the Court held that the rate requested for paralegals was reasonable as it was based on prevailing rates in the local market:

> "[T]he requested hourly rates of $35 for law clerks, $40 for paralegals, and $50 for recent law graduates were the *prevailing rates* for such services in the Kansas City Area.... The courts below correctly ... approved compensation of paralegals and law clerks *at market rates.*"

*Id.* at 289, 109 S.Ct. at 2472 (emphasis added).

**2.** The prevailing market rate approach is designed to take into consideration the skill and experience of the attorney under consideration and compare the fee requested with the prevailing market rate of attorneys with like skill and experience.

**3.** Also, it is perfectly permissible, if not implicitly encouraged, that an attorney may charge differing rates based on the complexity of the case. The problem arises here that when an attorney charges a higher amount for a complex case, the CLA's fee is also increased. However, the duties which a CLA can perform in South Dakota, as in most states, are limited by SDCL

As the above language shows, the *Jenkins* Court based its approval of the rate charged for paralegals on the basis that the rate corresponded with prevailing local market rates.

■ The bankruptcy court cited two cases for the proposition that bankruptcy courts in this district had in the past approved of such a formula. *In re Brandenburger*, 145 B.R. 624 (Bankr.D.S.D.1992) and *In re Quick Release, Inc.*, 6 B.R. at 714. However, in those two cases it appears that the fact the fee approved for CLA services was one-half of the attorney's rate was wholly coincidental. Neither of those cases stated that the CLA rate was reasonable because it was one-half of the attorney's fee. Neither party has presented the Court with, and the Court has not been able to discover, a single case in which a court approved a CLA's rate calculated as a percentage of the attorney's rate.[3]

This issue will be remanded to the bankruptcy court for a determination of whether the rate charged for the services of the CLA is reasonable based on prevailing local market rates.

## II. *Compensation for Other Attorney*

■ 11 U.S.C. § 327(a) provides that the trustee (or debtor-in-possession pursuant to 11 U.S.C. § 1107(a)) can, with court approval, hire one or more attorneys, accountants, appraisers, auctioneers or other professional persons to represent or assist the debtor or trustee in carrying out his duties under the bankruptcy code.

§ 16–18–34 which sets out the rules pertaining to the utilization of legal assistants.

In a complex case a CLA can perform no more duties than what she performs in a simple case. It may certainly take the CLA more hours to perform her duties in a complex case, but this is remunerated by an increase in the number of hours billed. To allow the CLA's rate to differ based on the complexity of the case would in effect be a double charge. The client would be paying for more hours at a higher rate while the CLA was performing the same duties as she would in any case.

■ "The task of resolving the dispute over the meaning of [the statute] begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). And when the language of the statute is plain, the inquiry also ends with the language of the statute, for in such instances "the sole function of the courts is to enforce [the statute] according to its terms". *Id.* (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

■ The plain meaning of a statute is decisive, "except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Ron Pair*, 489 U.S. at 242, 109 S.Ct. at 1031 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). The Supreme Court, as well as the Eighth Circuit, has consistently applied the plain meaning rule in cases arising under the bankruptcy code. *Patterson v. Shumate*, — U.S. —, —, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992); *Toibb v. Radloff*, — U.S. —, — — —, 111 S.Ct. 2197, 2199–2200, 115 L.Ed.2d 145 (1991); and *In re Juhl Enters., Inc.*, 921 F.2d 800, 803 (8th Cir.1990).

In this case Thomas Blake performed 23.5 hours of work at a rate of $80 per hour. At the hearing held in the bankruptcy court, the United States Trustee asserted that although J. Bruce Blake and Thomas Blake are father and son, they are not a law firm. They maintain no professional relationship, each attorney maintains a separate solo practice. J. Bruce Blake did not refute this statement at the hearing, nor does he dispute it in his brief.

The bankruptcy court's Letter Decision erroneously states that the work performed all occurred within "the firm". If Thomas Blake was a member of a firm with J. Bruce Blake, court approval would not be required for compensation. *See* Federal Rule of Bankruptcy Procedure 2014(b); and 2 Collier on Bankruptcy ¶ 327.01 at 327–5 (15th ed. 1992).

Even if the work performed by Thomas Blake is not that of an attorney within the meaning of § 327(a), the work qualifies as that of a professional within the meaning of that section. Thomas Blake charged $80 an hour for legal research and analysis.[4] This is professional work charged at a professional rate.[5]

■ The United States Trustee stated at the bankruptcy court hearing that he was not opposed to the bankruptcy court entering a *nunc pro tunc* order[6] approving Thomas Blake as a professional and being compensated for the requested amount. The United States Trustee merely desired approval to be obtained for this type of compensation. Under the plain language of the statute, as well as case law interpreting it, approval is required for Thomas Blake to be compensated for his work. Literal application of the statute's language does not "produce a result demonstrably at odds with the intention of its drafters."

Therefore,

Upon the record herein,

IT IS ORDERED:

(1) That for the reasons stated herein, the bankruptcy court's Letter Decision of August 28, 1992, granting the fees of the Certified Legal Assistant, is vacated and

---

**4.** Appellee attempts to construe the work performed by Thomas Blake as merely contract labor for limited research. In his brief and at the hearing, appellee states that Thomas Blake's work consisted of primarily computer research and that he was utilized because he is much more proficient in computerized legal research than is appellee. However, the record shows that of the 23.5 hours billed by Thomas Blake only a portion of a 3.1 hour charge involved computerized research, and that was merely to update current case law. None of the other 20.1 hours charged were spent doing computerized legal research.

**5.** If the work performed did not require the use of a professional, the CLA may well have been able to perform the work at an even lower rate.

**6.** Under certain circumstances courts may issue *nunc pro tunc* orders so that attorneys who have not sought prior approval may be compensated. 2 Collier on Bankruptcy ¶ 327.02 at 327–13 through 327–18 and cases cited therein.

remanded to the bankruptcy court for a determination of a reasonable fee for such services based on prevailing local market rates.

(2) That, for the reasons stated herein, the bankruptcy court's Letter Decision of August 28, 1992, holding that approval by the court is not required for the compensation of Thomas Blake, is vacated and remanded to the bankruptcy court for further proceedings consistent with 11 U.S.C. § 327(a) and this opinion.