**In re Elizabeth S. TARASIAK, d/b/a/ Atlantic Travel d/b/a/ Atlantic Realty, Debtor.**

No. 00–45404.

United States Bankruptcy Court,
D. Massachusetts.

Aug. 1, 2002.

Carl D. Aframe, Aframe & Barnhill, P.A., Worcester, MA, for Elizabeth S. Tarasiak.

Richard T. King, Worcester, MA, for United States Trustee.

### ORDER ON CARL D. AFRAME'S APPLICATION FOR COMPENSATION [# 195]

JOEL B. ROSENTHAL, Bankruptcy Judge.

The Debtor's attorney, Carl D. Aframe ("Aframe"), filed Applications for Compensation for his representation of the Debtor in the Chapter 7 and Chapter 11 proceedings.[1] [Docket # s 194 and 195 respectively]. On April 25, 2002, this Court held a hearing on the Fee Applications and took the matter under advisement and gave the United States Trustee additional time to file an Objection to Aframe's Application for Compensation because of his employment of an outside paralegal. On June 11, 2002, this Court allowed Aframe's fee application for the Chapter 7 representation and allowed compensation on an interim basis of $25,000 for fees and $1,493.41 for expenses for his Chapter 11 representation. The Court further ordered a $1,000 hold back by the Chapter 7 Trustee pending this Court's decision on the employment of the paralegal. Aframe seeks to pay a paralegal $500 for her services in the preparation of the Chapter 11 Petition, Schedules, and Statement of Financial Affairs.

The sharing of compensation is prohibited by bankruptcy law except under certain limited circumstances. See *In re Greer*, 271 B.R. 426, 429 (Bankr.D.Mass. 2002), citing In *re In re Matis*, 73 B.R. 228, 231 (Bankr.N.D.N.Y.1987); See also *In re Maller Restaurant Corp.*, 57 B.R. 72, 74 (Bankr.E.D.N.Y.1985). Section 504 of the Code provides, in pertinent part, that "a person receiving compensation or reimbursement under section 503(b)(2) or 503(b)(4) of this title may not share or agree to share—(1) any such compensation or reimbursement received with another person; or (2) any compensation or reimbursement received by another person under such sections." 11 U.S.C. § 504(a). However, "[a] member, partner, or regular associate in a professional association, corporation, or partnership may share compensation or reimbursement received ... under section 503(b)(2) or 503(b)(4) of this title with another member, partner, or regular associate ..." 11 U.S.C. § 504(b). The purpose of the statute is to ensure that lawyers preserve the integrity of the bankruptcy process and not treat "bankruptcy matters as matters of traffic." *In re Matis*, 73 B.R. at 231.

---

1. On October 10, 2000, the Debtor filed a petition for relief under Chapter 11 and the case was converted to one under Chapter 7 on April 5, 2001.

The paralegal at issue here does not fit into any of the categories exempting the sharing of compensation; she is not a member, partner, or regular associate of Aframe's law firm. She is not an employee of the firm.[2] She is an independent contractor hired by Aframe to prepare bankruptcy petitions and schedules. Therefore, Aframe cannot share his compensation with her and was required to obtain prior Court approval of her employment since she is a professional person hired by the Debtors attorney.[3] See *United States Trustee v. Grenoble Apartments (In re Grenoble Apartments)*, 152 B.R. 608, 611 (Bankr.D.S.D.1993) (holding that the retention of an attorney for conducting legal research on behalf of the debtor's attorney requires approval by the court pursuant to Section 327(a)).

Section 327(a) of the Code provides that "[e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Therefore, Aframe should have filed an application with this Court for the paralegal's retention representing that the paralegal is disinterested and does not hold an interest adverse to the estate.

Aframe argues in his Supplement to the Fee Application that he did not violate Section 504 because this Court previously authorized his employment after he disclosed in his application that a portion of his retainer was going to be used to pay an outside paralegal to "prepare schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contract and unexpired leases, and a statement of financial affairs." However, although this Court authorized Aframe's employment, compensation is subject to this Court's approval. See *Ferrara & Hantman v. Alvarez*, 124 F.3d 567, 571 (3rd Cir.1997) (entry of an order approving the retention of a professional does not equate to a right to payment by the bankruptcy estate).

Although this Court is aware that violation of Section 504 may have been inadvertent, it cannot disturb the integrity of the Bankruptcy Code by excepting Debtor's counsel from complying with its requirements. Accordingly, Aframe's employment of the paralegal was a violation of the Code and prior approval should have been obtained.

This Court hereby Denies in part Aframe's application for fees and expenses to the extent of $500, which represents payment for the paralegal's services and re-

---

**2.** The facts presented in this case are different from an attorney using a paralegal who is employed by the law firm and performs tasks relative to a bankruptcy case that is allowed under the Bankruptcy Code.

**3.** The Code does not define "professional persons," however, a paralegal involved in the preparation of schedules is a professional person for the purposes of Section 504. See *In re Bass*, 227 B.R. 103, 108 (Bankr.E.D.Mich. 1998) (stating that the preparation of schedules are professional tasks). If the paralegal at issue here were a paraprofessional, Section

504 may not be applicable. Section 330(a)(1)(A) of the Code provides that "... the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—reasonable compensation for actual, necessary services rendered by the trustee, examiner, profession person, or attorney and by any *paraprofessional* person employed by any such person ..." The paralegal who prepared the schedules acted in more than a paraprofessional capacity because the preparation of schedules is a very important function of a bankruptcy case.

leases the holdback remaining balance of $500.00.