**In re Christine Henriette VAN DYKE, Debtor.**

**No. 01–46924–JBR.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 11, 2003.

Philip M. Stone, Worcester, MA, for Christine Henriette van Dyke.

## MEMORANDUM OF DECISION ON FIRST AND FINAL APPLICATION OF PHILIP M. STONE FOR FEES AND EXPENSES

JOEL B. ROSENTHAL, Bankruptcy Judge.

This matter came before the Court for a hearing on the First and Final Application of Philip M. Stone for Fees and Expenses [# 69] and the Addendum thereto [# 74]. At the conclusion of the hearing, the Court entered an order allowing the Application in full with the exception of $150.00 which the Applicant sought as reimbursement for a fee paid to a paralegal not employed by him. Instead the Applicant contracts with the paralegal, who has over 25 years of bankruptcy experience, on an as-needed basis to prepare bankruptcy schedules and Chapter 13 plans, for a negotiated flat fee. In this case, the Applicant sought reimbursement of $150 paid to the independent paralegal for the preparation of an amend-

ed Chapter 13 plan. The Court took the issue of whether the Applicant should be reimbursed for the fee paid to the paralegal under advisement in order to address the responsibilities of attorneys and non-attorneys and to caution those practitioners who typically engage independent paralegals and such paralegals of the often imprecise boundaries that encircle the area known as the practice of law. For the reasons set forth herein, the Court finds that the Applicant and the independent practitioner correctly observed their respective duties and responsibilities and thus the Application is now allowed in full.

■ Section 504 of the Bankruptcy Code prohibits the sharing of fees awarded pursuant to section 503(b)(2)[1] or 503(b)(4) except among members or employees of the same firm.[2] "By enacting § 504, 'Congress sought to generally prohibit the sharing of compensation or fee splitting among attorneys in a bankruptcy case.' *In re Matis*, 73 B.R. 228, 231 (Bankr. N.D.N.Y.1987). As explained more fully in *In re Matis*, the purpose of the statute is to ensure that lawyers preserve the integrity of the bankruptcy process and not treat 'bankruptcy matters as matters of traffic.' *Id.*" *In re Warner*, 141 B.R. 762, 765–66 (M.D.Fla.1992). Although many courts refer to the prohibition in section 504 as a prohibition of fee-sharing among attorneys,[3] the statute is more broadly drafted. It prohibits the sharing of compensation "with another person" who is not a member, partner, or employee of the retained professional's firm. 11 U.S.C. § 504. *See In re Soulisak*, 227 B.R. 77, 81 (Bankr.E.D.Va.1998).

■ Because section 504's express language includes lawyers and non-lawyers alike, this Court has denied reimbursement for an independent paralegal's time in previous cases. *See, e.g., In re Tarasiak*, 280 B.R. 791 (Bankr.D.Mass.2002). In *Tarasiak* the Court concluded that the independent paralegal who prepared the debtor's bankruptcy schedules and statement of financial affairs functioned as a professional for whom separate employment was required. *Tarasiak*, however, was originally commenced as a case under Chapter 11 of the Bankruptcy Code and therefore raised other issues.[4]

1. Section 503(b)(2) grants compensation awarded under section 330(a) administrative expense status. Section 330(a)(4)(B), in turn, governs the award of fees to an individual debtor's counsel in a Chapter 13 case. Thus section 504 applies to Chapter 13 cases.

2. Section 504 provides in relevant part:
(a) Except as provided in subsection (b) of this section, a person receiving compensation or reimbursement under section 503(b)(2) or 503(b)(4) of this title may not share or agree to share—
(1) any such compensation or reimbursement with another person; or
(2) any compensation or reimbursement received by another person under such sections.
(b)(1) A member, partner, or regular associate in a professional association, corporation, or partnership may share compensation or reimbursement received under section 503(b)(2) or 503(b)(4) of this title with another member, partner, or regular associate in such association, corporation, or partnership, and may share in any compensation or reimbursement received under such sections by another member, partner, or regular associate in such association, corporation, or partnership.

3. *See In re Palladino*, 267 B.R. 825, 833 (Bankr.N.D.Ill.2001) ("Section 504 prohibits fee splitting among attorneys unless they are partners or associates in the same professional association, partnership or corporation."). *See also In re Warner*, 141 B.R. 762, 765–66 (M.D.Fla.1992); *In re Matis*, 73 B.R. 228 (Bankr.N.D.N.Y.1987).

4. A chapter 11 debtor may only employ professionals, either generally or for a special purpose if the standards in section 327(a) or (e) are satisfied, only with court approval. 11

■ In *Tarasiak* the Court did not address the issue of when services rendered by an independent paralegal in connection with the preparation of a debtor's bankruptcy schedules and statements constituted the unauthorized practice of law.[5] "Attorneys who practice before a bankruptcy court must not only concern themselves with the obligations set forth in the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, but also with the application of state ethical rules." *In re Soulisak,* 227 B.R. at 80 (footnote omitted). Rule 5.5 of the Massachusetts Rules of Professional Conduct prohibits a lawyer from assisting a non-lawyer in the unauthorized practice of law. "Whether a particular activity constitutes the practice of law is fact specific." *Massachusetts Conveyancers Ass'n., Inc. v. Colonial Title & Escrow, Inc.,* 13 Mass. L. Rptr. 633, 2001 WL 669280, *4 (Mass.Super.), citing *In re Shoe Manufacturers Protective Ass'n,* 295 Mass. 369, 372, 3 N.E.2d 746, 748 (1936). As the *Shoe Manufacturers* court stated

> We believe it is impossible to frame any comprehensive and satisfactory definition of what constitutes the practice of law. To a large extent each case must be decided upon its own particular facts. But at least it may be said that in general the practice of directing and managing the enforcement of legal claims and the establishment of the legal rights of others, where it is necessary to form and act upon opinions as to what those rights are and as to the legal methods which must be adopted to enforce them, the practice of giving and furnishing legal advise as to such rights and methods and the practice, as an occupation, of drafting documents by which such rights

are created, modified, surrendered or secured....

*Shoe Manufacturers,* 295 Mass. at 372, 3 N.E.2d at 748.

As recognized by the court in *In re Ellingson,* 230 B.R. 426, 433 (Bankr. D.Mont.1999), there is a split among the states as to whether just the completion of printed forms constitutes the unauthorized practice of law.

> There is a split of authority whether preparation of preprinted legal forms constitutes unauthorized practice of law. Montana follows the majority view that preparation or filling in of blanks on preprinted forms constitutes the practice of law.... One district court, citing *Pulse v. North Am. Land Title Co.* [218 Mont. 275, 707 P.2d 1105, 1109 (1985) ], wrote on the unauthorized practice of law:

> Preparation of legal documents is commonly understood to be the practice of law.... What constitutes "preparation" of "legal documents" is construed broadly. Preparation of instruments, even with preprinted forms, involves more than a mere scrivener's duties and, therefore, constitutes the practice of law....

*Id.* (internal quotation marks and citations omitted).

In Massachusetts the issue has not be squarely addressed. Although in the *Massachusetts Conveyancers Ass'n* case, the court concluded that the title company engaged in the practice of law, the title company's activities went well beyond the mere completion of a simple form.

---

U.S.C. § 327 No such approval is required prior to a chapter 7 or a chapter 13 debtor retaining professionals.

**5.** Attorneys are also charged with proper supervision of non-lawyer assistants employed by such attorneys or their firms. Rule 5.3 of the Massachusetts Rules of Professional Conduct.

In preparation for the closing, Colonial reviews the lender's closing documents for accuracy and consistency. On behalf of the lender and the title company, Colonial evaluates the title for defects and clears up those defects. It is Colonial that determines whether there is a title problem and in this regard it is exercising legal judgment.... It generates several documents including the Real Estate Settlement Purchase Agreement ("RESPA").

If borrowers have questions about the various legal documents at the closing Colonial answers them. By Parente's own admission he points out "important facts" to the borrowers....

*Massachusetts Conveyancers Ass'n,* 2001 WL 669280 at *6.

 It may not always be clear when the completion of forms constitutes the practice of law under Massachusetts law,[6] but even if the completion of schedules and statements do not constitute the unauthorized practice of law, it may, in certain instances, trigger the requirement that the paralegal sign the same as a petition preparer.[7] And it is likely that in most cases the preparation of a Chapter 13 plan by a non-lawyer, if not under the direct supervision of an attorney, constitutes the unlawful practice of law.

 Because many bankruptcy attorneys are employing independent contractors to prepare schedules and statements, and, as in this case, the Chapter 13 plan, it is imperative that the attorneys and independent contractors are mindful of the different roles each may legally play.

[B]ankruptcy lawyers can use paraprofessionals to assist them in rendering legal services to their clients.... However, in doing so, several conditions must be met. The paralegals must be qualified through training and experience, and capable of performing those functions. They must be adequately supervised.... Paralegals may not independently provide legal advice, and can legitimately be delegated work only after the attorney has met with the client, determined what tasks need to be performed, and determined who may competently perform those tasks. And when compensation is sought for paralegals' services under § 329 or § 330, the work done must be itemized in detail and the rate charged must be justified.

*In re Castorena,* 270 B.R. 504, 519 (Bankr.D.Idaho 2001) (citations and footnote omitted).

 The Court is satisfied that, as evidenced by the detailed time descriptions,

---

**6.** *See Opinion of the Justices,* 289 Mass. 607, 615, 194 N.E. 313 (1935) ("The occasional drafting of simple deeds, and other legal instruments when not conducted as an occupation or yielding substantial income may fall outside the practice of the law."). *See also Massachusetts Conveyancers Ass'n, Inc. v. Colonial Title & Escrow, Inc.,* 2001 WL 669280, *5 (Mass.Super.) ("Likewise, 'the search of records of real estate to ascertain what may there be disclosed without giving opinion or advice as to the legal effect of what is found ...' does not constitute the practice of law. *Id.* Title examiners who search the records of the registry of deeds and prepare abstracts of the title detailing its history, including encumbrances and defects, are not practicing law.").

**7.** A non-attorney who prepares petition and documents is bankruptcy preparer. *See* 11 U.S.C. § 110(b). *See also In re Avery,* 280 B.R. 523, 528–29 (Bankr.D.Colo.2002). "Section 110 was enacted to protect consumers from abuses by non-lawyer petition preparers. *See generally In re Murray,* 194 B.R. 651 (Bankr.D.Ariz.1996); *In re Gavin,* 181 B.R. 814 (Bankr.E.D.Pa.1995). The statute has been aptly described by one bankruptcy court as 'a consumer protection measure unrelated to the practice of law.' *In re Green,* 197 B.R. 878, 879 (Bankr.D.Ariz.1996)." *In re Fraga,* 210 B.R. 812, 818–19 (9th Cir. BAP 1997).

the debtor's counsel closely supervised the paralegal in this case. For example, counsel was present during the entire the initial meeting with the debtor and personally reviewed all of the papers which the debtor filed when she commenced the case *pro se.* Counsel had extensive meetings with the debtor about the proposed amendments and the amended plan. There is no evidence and no suggestion that the debtor was counseled by anyone other than her attorney once he was engaged. The independent paralegal functioned as a paraprofessional.

### Conclusion

For the foregoing reasons, the Application is ALLOWED IN FULL.