Anthony W. BRIGHT,
Plaintiff–Appellant,

v.

FRED C. SPROUL, INC.,
Defendant–Appellee.

No. 80CA0218.

Colorado Court of Appeals,
Div. I.

July 31, 1980.

Jerry A. Smith, P. C., Jerry A. Smith, Colorado Springs, for plaintiff–appellant.

Frederic M. Wise, Colorado Springs, for defendant–appellee.

VAN CISE, Judge.

Plaintiff, Anthony W. Bright, instituted this action in the state district court to collect the amount owing to him for attorney fees and expenses for services rendered to the defendant, Fred C. Sproul, Inc., while it was the debtor-in-possession in a 1975 Chapter XI Bankruptcy Act proceeding. That court determined that the federal bankruptcy court had exclusive jurisdiction over the matter of attorney fees in a Chapter XI proceeding, and dismissed the action. Plaintiff appeals, and we affirm.

In 1977, defendant, as the debtor–in–possession, applied to the bankruptcy court for authorization to employ plaintiff, a California attorney, under a general retainer as a special trial attorney to obtain control of certain of defendant's assets in California. The order authorizing the retention of plaintiff provided that he was to be compensated pursuant to § 62 of the Bankruptcy Act, 11 U.S.C. § 102d (1976), "upon petition duly filed with this Court." Section 62d provides that "any other attorney, seeking compensation for services rendered by him in a proceeding under this Act or in connection with such proceeding, shall file with the court his petition setting forth the value and extent of the services rendered [and] the amount requested. . . ."

In August 1978, defendant submitted to the bankruptcy court a plan of arrangement. On August 11, that court ordered all applications for allowances be filed on or before September 1, and a copy of that order was mailed to plaintiff August 11. On September 7, a hearing was held to determine the amount of the deposit which the defendant would be required to make under Chapter XI. The plan was approved November 17.

On December 19, 1978, alleging that the services for which he was retained had been completed in October 1978, plaintiff filed his application for fees and allowances. The application was considered and, in a written "Order Declining to Act" entered December 21, the court held that the application was "not timely and will not be considered by the Court . . . . Any fees that Mr. Bright claims are due him should be sought directly from Fred C. Sproul, Inc., and not through this Court."

Plaintiff's January 25, 1979, petition for reconsideration was denied January 31. In its order, the bankruptcy court stated:

"Since [plaintiff] had not timely filed an application, no moneys were included in this deposit to cover the cost of their attorney fees. Even if the Court were to allow such fees, the deposit does not contain any money with which to pay them. "Bankruptcy Rule 803 provides that unless a notice of appeal is filed as prescribed by Rules 801 and 802, the order of the Referee shall become final. No appeal from the order of December 21, 1978 denying the application of [plaintiff] was filed within the ten days provided for within Rule 802 and, consequently, the order became final on January 2, 1979. The letter for reconsideration was not filed until January 25, 1979 and is not timely."

Plaintiff did not appeal this order. Instead, he instituted this action in the state court to recover his fees.

We agree with the trial court in its conclusions (1) that the bankruptcy court has and had exclusive jurisdiction over the matter of attorney fees and plaintiff's sole remedy was appeal from the December 21 order, and (2) that the state court has no jurisdiction over the matter of attorney fees in this Chapter XI bankruptcy proceeding. *Mills v. Shoppers Charge Plan, Inc.,* 231 N.W.2d 165 (N.D.1975); *In re Breinig,*

40 F.Supp. 29 (E.D.Pa.1941); 8 *Collier on Bankruptcy* ¶ 3.01[5] at 151 (14th ed. 1978). This preclusion of state court jurisdiction exists despite the bankruptcy court's declination to consider plaintiff's petition and that court's statement that fees due should be sought directly from defendant.

■ The bankruptcy court's jurisdiction over the administration of the affairs of an insolvent is essentially exclusive. *Rossi v. Colorado Pulp & Paper Co.*, 88 Colo. 461, 299 P.19 (1931). "[C]ontrol of the administration of the estate cannot be surrendered even by the court itself." *Gross v. Irving Trust Co.*, 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243 (1933); *United States Fidelity & Guaranty Co. v. Bray*, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055 (1912).

Judgment affirmed.

COYTE and KIRSHBAUM, JJ., concur.