**In re MALLER RESTAURANT CORP., d/b/a Il Castello Restaurante, Debtor.**

**Bankruptcy No. 883–31829.**

United States Bankruptcy Court, E.D. New York.

Dec. 2, 1985.

Horwitz & Associates by Norman P. Horwitz, New York City, for debtor; Weiner & Silverman by Kenneth Silverman, of counsel.

Marianne De Rosa, Mineola, N.Y., for Trustee.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Before the Court are applications for commissions and fees filed by the trustee, Marianne DeRosa, on behalf of herself and her predecessor now deceased, by Marianne DeRosa as attorney for the trustee, and by Weiner & Silverman, identified as of counsel to Horwitz & Associates, attorney for the debtor.

Ms. DeRosa, who succeeded William S. Brown as trustee on October 2, 1984, due to the demise of Mr. Brown, is requesting $1,388.97 to be allocated between herself and her predecessor as trustees' commissions. In her capacity as attorney for the trustee, she is requesting $750.00.

Weiner & Silverman, Esqs., by Kenneth Silverman, Esq., identified as of counsel to Horwitz & Associates, P.C., are requesting $3,210.00. Before the petition was filed, the debtor paid Horwitz & Associates, P.C., $760.00, of which $60.00 went to the court as a filing fee.

Ms. DeRosa apparently takes no position on the fee requested by Weiner & Silverman stopping with saying that she has examined the amounts paid prior to the filing of the petition to Horwitz & Associates and deems the figure to be reasonable.

Examination of the file discloses the following:

The debtor filed for relief under Chapter 7 of Title 11 on September 23, 1983. The petition showed debts totaling $235,700.00, including a disputed debt to Edward J. Mallozzi, elsewhere identified as the debtor's President and 30 percent stockholder.

After William S. Brown, Esq., was appointed trustee, he sold all of the assets of the corporation at public auction on November 16, 1983. The proceeds of that auction constitute virtually the entire estate.

Subsequent to the auction sale, Brown, on March 28, 1984, filed objections to various claims, including a claim by Mallozzi in the sum of $144,631.00. The objection to Mallozzi's claim was never tried, because a stipulation was entered into between Mallozzi and Gino Pena, another claimant, whereby both agreed to subordinate their claims to those of the other creditors and to divide between them whatever excess remained after conclusion of the Chapter 7 proceeding.

The file indicates that Mallozzi was represented by Kenneth Silverman, Esq., who had been an employee of Horwitz & Associates, P.C., but who left in 1984 to form the firm of Weiner & Silvermans, Esqs. While at Horwitz & Associates, Kenneth Silverman had performed all the services rendered by his employer to the debtor. In fact, the debtor had retained Horwitz & Associates to secure the services of Silverman. It was the corporate policy of Horwitz & Associates that associates representing private clients had to have such clients retain the services of the employer rather than of the associate.

Marianne DeRosa was appointed successor trustee on October 2, 1984. It appears from the file that at the time of her appointment the estate had been fully administered and all that remained to be done was to submit a final report and applications for allowances.

The trustee now has on hand in the estate $44,575.49. This is sufficient to pay all the applications for allowances, even if granted in full, and to pay all unsecured claims and to leave a balance. Pursuant to the stipulation between Mallozzi and Pena, this surplus will be divided between them.

■ For a number of reasons, no allowance can be made Weiner & Silverman. Neither Kenneth Silverman, Esq., nor Weiner & Silverman, Esqs., were ever authorized by this Court to act as attorneys for the debtor. No authorization was needed for Horwitz & Associates, P.C., because they were retained by the debtor prior to the time the debtor filed for relief under the bankruptcy law.

■ Horwitz & Associates has no authority to retain other attorneys as counsel and thereby give such attorneys a share in the fee payable to them as attorneys for the debtor. 11 U.S.C. § 504 squarely prohibits the sharing of compensation received by a professional. It states flatly that a person receiving compensation under § 503(b)(2) (which covers the allowance now being requested by the attorney for the debtor) "may not share ... any such compensation or reimbursement with another person". To avoid any possible ambiguity, § 504 goes on to permit lawyers "in a professional associate, corporation or partnership" to share compensation with other members, partners or associates. It thus makes crystal clear that there cannot be any sharing based on the employment as counsel of a second firm. No compensation can be awarded Weiner & Silverman in the name of Horwitz & Associates.

■ Furthermore, Weiner & Silverman are not entitled to any compensation from the estate even were they debtor's authorized attorney. An attorney for a debtor is entitled to be compensated from the estate only for services of value to the administration of the estate or of benefit to the estate. *In re Evenod Perfumer*, 67 F.2d 878, 879 (2d Cir.1933), *cert. denied*, 291 U.S. 671, 54 S.Ct. 455, 78 L.Ed. 1060 (1934); 2 *Collier on Bankruptcy*, Par. 330.04[3] at p. 330–18 (15 Ed.1985). The file shows that the administration of the estate came to a conclusion for all practical purposes well before the time that Silverman left Horwitz & Associates. Furthermore, none of the services alluded to in the time sheets submitted in support of the application of Weiner & Silverman reflect anything of benefit to the estate. Most of the services were in opposition to the estate and had as their purpose the preservation to Mallozzi of his claim against the estate.

The services rendered by Horwitz & Associates prior to September 6, 1983 may arguably have been of benefit to the administration of the estate. The total hours claimed for such services are 8.5, which were adequately compensated by the $750.00 previously paid Horwitz & Associates.

Finally, what the Court considers decisive, is that were it to allow the claim of Weiner & Silverman, it would reduce the excess over the amount needed to pay creditors. According to the stipulation any excess was to be divided equally between Pena and Mallozzi. Using the estate to pay Mallozzi's attorney would reduce the amount available to Pena. Part of Pena's half of the excess would thus go to pay Mallozzi's attorney.

For all the foregoing reasons: because Weiner & Silverman were never authorized to represent the debtor; because there can be no sharing of compensation by attorneys; because the services for which Weiner & Silverman are seeking compensation were of no benefit to either the administration of the estate or to the estate itself; and because to allow Weiner & Silverman a fee out of the estate would prejudice Pena, the request of Weiner & Silverman for any allowance is denied.

Turning to the request of Ms. DeRosa, the successor trustee, for compensation, both as successor trustee and attorney to the trustee, it appears to the Court from examination of the file, that had Mr. Brown survived, he would have been entitled to a fee, both as trustee and as attorney for the trustee. It is unfortunate that he cannot

claim such compensation. However, the effort required by Ms. DeRosa to wind up the estate was minimal, both in terms of the demands made upon her as trustee and as attorney. In order to allow Mr. Brown's estate the maximum amount permissible, the Court allows him $1,288.97 for his services as trustee; Ms. DeRosa is allowed $100.00 as successor trustee and $750.00 for her services as attorney.

So Ordered.