In re COIN PHONES, INC., Debtor.

James M. LEMONEDES,
Plaintiff/Appellant,

v.

Barbara BALABER–STRAUSS, Trustee,
et al., Defendants/Appellees.

Nos. 98 Civ. 1968 CLB, 89 B 20451 ASH.

United States District Court,
S.D. New York.

Oct. 19, 1998.

Siegel, Sommers & Schwartz, LLP, New York City, by Ronald R. Sussman, Eric Haber, James M. Lemonedes, for appellant.

Barbara Balaber–Strauss, White Plains, NY, by Barbara Balaber–Strauss, for Barbara Balaber–Strauss, Trustee.

Angel & Frankel, P.C., New York City, by Joshua J. Angel, Leonard H. Gerson, for Kazlow & Kazlow.

Davis, Polk & Wardwell, New York City, by John J. Clarke, Jr., for New York Telephone.

*MEMORANDUM & ORDER*

BRIEANT, District Judge.

By an appeal heard and fully submitted on June 5, 1998, James M. Lemonedes, Esq., a lawyer, seeks to review a final order of the Bankruptcy Court (Adlai S. Hardin, Jr., Bankruptcy Judge) dated February 9, 1998, which denied a motion by Appellant Attorney Lemonedes for a *nunc pro tunc* Order of Retention as an attorney in behalf of the Chapter 7 Debtor and an application for an award of legal fees from the Estate for services already concluded. He also appealed from an order by the Bankruptcy Judge dated January 28, 1998 which fixed and awarded the compensation and reimbursement of expenses of the law firm of Kazlow & Kazlow (the Kazlow firm), and a further order denying reargument. All three orders appealed from are final orders and this dis-

trict court has subject matter jurisdiction over the appeal.

The issues presented are whether the Bankruptcy Judge abused his discretion in denying the application for a *nunc pro tunc* retention in this Chapter 7 case; whether the Bankruptcy Court decided correctly that it did not have subject matter jurisdiction over an underlying fee sharing dispute between Attorney Lemonedes and the Kazlow firm, which was not a core proceeding as defined by 28 U.S.C. § 157(b) and whether, assuming non-core jurisdiction the Bankruptcy Court properly abstained from exercising jurisdiction over the underlying dispute between Lemonedes and the Kazlow firm.

The necessary facts are set forth in the oral decisions of Judge Hardin and the orders issued thereon. Briefly explained, the debtor in this case, Coin Phone, Inc., was in the business of leasing and selling private telephone equipment, including customer-owned coin-operated telephones. A Chapter 11 proceeding was converted to a case under Chapter 7, and Barbara Balaber–Strauss became the Chapter 7 Trustee.

Ms. Balaber–Strauss thereafter retained the law firm of Kazlow & Kazlow as special litigation attorneys to represent the interests of the Trustee in adversary proceedings. A timely order for the retention of the Kazlow firm was issued by the Bankruptcy Court on June 14, 1991.

It is claimed and we assume for purposes of the appeal that attorney Lemonedes was an independent private practitioner who worked with the Kazlow firm on a case by case basis in the status of "of counsel" when requested. The Kazlow firm was one of several with which attorney Lemonedes had similar relationships. These single case retainers were always accomplished separately by agreement and Mr. Lemonedes was never an associate, partner or employee of the Kazlow firm. He may have been designated by Kazlow as "of counsel," a generally honorary title, the origin of which is lost in antiquity but which is a title not consistent with being an associate, partner or employee of a law firm. The record shows that in a five year period ending in 1996 attorney Lemonedes was retained by the Kazlow firm to handle more than 25 cases.

Little authority is found in New York law concerning the status of lawyers serving as "of counsel" to law firms. We know that typically members of law firms who choose to phase down their level of professional work looking toward retirement, are often listed as "of counsel" and yet continue to owe to the firm the partner's fiduciary loyalty "which distinguishes partnerships (including law partnerships) from bazaars." *Graubard, Mollen Dannett & Horowitz v. Moskovitz,* 86 N.Y.2d 112, 120, 629 N.Y.S.2d 1009, 653 N.E.2d 1179 (1995). Yet, lawyers listed as "of counsel" to a firm are not regarded as general agents of the partners, nor liable for the debts of the firm. They are not treated as mere employees. Methods of compensation vary, but more often than not represent *ad hoc* arrangements for the handling of specific cases. Such arrangements differ from those between attorneys who merely share an office suite, without more, but choose to act together in certain cases. *cf. In re Matis,* 73 B.R. 228, 232–33 (Bankr. N.D.N.Y.1987). A lawyer who is acting "of counsel" for a law firm and is held out to the public will be regarded as a "member" within 11 U.S.C. § 504, so as to be free from statutory limitations on fee sharing arrangements. *Id.* at 234 *cf. In re Maller Restaurant Corp.,* 57 B.R. 72 (Bankr.E.D.N.Y.1985).

No contemporaneous approval was sought from the court to retain Mr. Lemonedes in behalf of the debtor's estate. The application to the Court for the retention of the Kazlow firm does not mention Mr. Lemonedes in any way, and the only contemporaneous authority which Mr. Lemonedes had to permit him to act in the matter was through whatever private arrangement he had in his capacity as of counsel for the Kazlow firm. Judge Hardin found that Mr. Lemonedes "was held out by Kazlow & Kazlow, and he held himself out as a person acting in behalf of and affiliated in some manner with the Kazlow firm."

The Trustee, represented by the Kazlow firm and through the efforts of attorney Lemonedes conducted a number of separate adversary proceedings which were either settled or litigated to a conclusion in a manner

highly satisfactory to the estate. Indeed, in one single litigation against the New York Telephone Company, the attorneys recovered in excess of $11 million dollars.

An issue arose early in 1996 as to whether the Kazlow firm was conflicted by reason of a separate representation of two Nynex subsidiaries. The Trustee sought leave to retain new counsel to represent the interests of the estate in a pending appeal to the district court in the New York Telephone litigation and at about the same time learned that Mr. Lemonedes had severed his professional relationship with the Kazlow firm due in part to the conflict situation, and apparently also due in part to a dispute concerning his share of the fees in this case.

At oral argument, Mr. Lemonedes explained his position to the Court. (Record 964)

> I don't mean to be confusing to Your Honor. My position is ultimately that Your Honor has grounds to grant me a *nunc pro tunc* fee application and to grant me compensation thereunder. Your Honor also has grounds to determine that I was a member, and therefore grant me compensation under the Kazlow & Kazlow fee application.... I had a reasonable belief at the time that the services were provided [of the Kazlow law firm], then the determination needs to be whether in fact under the law I was a member. If I was a member, I would still be—
>
> The Court: By a member, do you mean a partner?
>
> Mr. Lemonedes: No, specifically not a partner. In fact if you look at the rules the rules specifically address that an order of retention is not required by a partner, associate or member of the firm. Clearly, I was not a partner; I was not an associate of Kazlow & Kazlow, but I believe that I was a member, based on my relationship which is set out in my papers.

In his oral decision, the Bankruptcy Judge adopted by reference two arguments made by the attorney for the principal creditor, namely that the application was untimely and that its untimeliness did not result from any of the usual excuses for *nunc pro tunc* retention orders, including that the Trustee misled the professional seeking *nunc pro tunc* authorization, and furthermore that attorney Lemonedes was not entitled to *nunc pro tunc* retention because his situation was that of "an independent contractor who subcontracted with the person [Kazlow] who was in fact retained with court approval." As additional grounds the Bankruptcy Judge relied upon his perception that the Kazlow firm had undertaken the retainer initially at considerable financial risk to itself and incurred substantial out of pocket expenses, including payments to Mr. Lemonedes for his efforts on the case, and did so without any assurance that there would be any recovery for the estate, or any money in the estate from which to seek a fee award.

The Bankruptcy Court perceived correctly that the status of Mr. Lemonedes "was not as the attorney with the professional responsibility retained by order of the Court to represent the estate, but rather as an associate or a person associated in some manner with and responsible to the Kazlow firm." The Bankruptcy Judge pointed out that "Mr. Lemonedes was not held out by Kazlow & Kazlow, nor did he hold himself out as an independent person warranting or requiring an independent or separate order of this Court. He was held out by Kazlow & Kazlow, and he held himself out as a person acting on behalf of and affiliated in some manner with the Kazlow firm. It was on that basis that Mr. Lemonedes acted in this litigation." (Record 1011–1012). This fact is not disputed.

It was readily apparent to the Bankruptcy Judge and also is apparent to this Court that the sole reason for making the *nunc pro tunc* application was to seek a retroactive participation in the retainer because the "of counsel arrangements," or whatever other association in fact Lemonedes had with the Kazlow firm, had come to an end under circumstances which imply that there occurred a dispute over money. We agree with the Bankruptcy Judge that if Mr. Lemonedes is entitled to additional compensation beyond that previously paid to him by the Kazlow firm or due to be paid, the source to which he must look is not the estate, but rather the Kazlow firm. And this is so whether his

status be that of partner or associate, or the more ambiguous status "of counsel," or a subcontractor for the purpose of performing legal services in particular matters pursuant to separate financial arrangements for each matter.

In short, the Bankruptcy Judge did not abuse his discretion by relying on the reasons which he articulated in deciding not to issue a *nunc pro tunc* order. We are not concerned with the situation which could have been presented, had the court at the inception of the matter been asked to authorize the retention both of the Kazlow firm and the individual lawyer, Lemonedes, each to be separately compensated directly from the estate. Hindsight suggests that this might have been done, and perhaps should have been done, but it was not done. It did not have to be done, and the Bankruptcy Judge was on solid ground declining to allow it to be done retrospectively.

This then brings us to the question of whether the Bankruptcy Judge had jurisdiction to resolve the fee sharing dispute issue between Lemonedes and the Kazlow firm. By a supplemental decision, the Bankruptcy Judge found that there was no jurisdiction to resolve "a dispute as to how the fee to be payable pursuant to Judge Schwartzberg's order is to be divided between Mr. Lemonedes and the Kazlow firm." This Court is not so certain that there is no jurisdiction. It is possible to hypothesize that such a dispute might delay or affect adversely the administration of the estate, and therefore could well be within the non-core jurisdiction of the bankruptcy court.

■ However, it certainly is not an abuse of discretion in the context of this case to refuse to adjudicate that dispute, and it is clear from the entire record that Judge Hardin concluded that had jurisdiction existed, he would have abstained in favor of the state court. The state court provides an adequate forum and appropriate remedies both in equity and at law, for the general run of disputes between law partners, joint venturers and persons in similar relationships. A person serving "of counsel" to a law firm or sharing fees with a lawyer with respect to whom he is neither an employee nor a part-

ner, is not in an unusual relationship. Disputes of the sort here presented are frequent and foreseeable. The regular work of a bankruptcy court could be compromised seriously should it hold itself out as the arbiter of disputes between law partners or between lawyers who have become joint venturers as to a single matter.

It was appropriate for the Bankruptcy Court to approve the fee application of the Kazlow law firm which was duly authorized when the services began, and to include in that authorized compensation the reasonable value of the work actually done by Mr. Lemonedes for the account of the Kazlow firm, and it appears to have done so.

The orders appealed from are affirmed.

SO ORDERED.