**In re Roy GREER.**

**In re Jeanne Phifer.**

Nos. 01–44560, 00–44958.

United States Bankruptcy Court,
D. Massachusetts.

Jan. 10, 2002.

428

Peter M. Stern, Springfield, MA, for Marjorie Soforenko.

Richard King, Worcester, MA, United States Trustee's Office.

## MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

Before the Court for determination is a Motion to Determine Reasonableness of Compensation and Fee Arrangement filed by the United States Trustee (the "UST") seeking a finding from this Court that the fee sharing arrangement between the Debtors' attorney and another attorney is in violation of 11 U.S.C. § 504. The UST urges that this Court void the fee sharing arrangement between the attorneys, order the disgorgement of any fees found to be excessive, and enjoin the parties from continuing the arrangement in other cases. Additionally, before the Court for determination is the Debtor's Motion to Amend her Statement of Attorney Compensation/Rule 2016(b) which includes the fee sharing arrangement objected to by the UST.

## I. BACKGROUND

On December 17, 2001, this Court conducted an evidentiary hearing regarding the relationship between the attorneys and makes the following findings and rulings.

Marjorie Soforenko ("Soforenko") is a bankruptcy attorney who has a law office located in Springfield, Massachusetts.[1] Beginning in June 2001, Attorney Julia Fullwood ("Fullwood") began performing secretarial and paraprofessional work for Soforenko's Springfield law office through a temporary employment agency. Starting in late July or early August 2001, Fullwood and Soforenko entered into a verbal understanding whereby Soforenko would pay Fullwood $50.00 for each 11 U.S.C. § 341 Meeting of Creditors ("341 meeting") at which she represented Soforenko's clients. To date, Fullwood has attended approximately ten 341 meetings on Soforenko's behalf. Fullwood did not file notices of appearance in any of the cases in which she represented the Debtor at the 341 meeting.[2]

On November 6, 2000, Soforenko filed her Disclosure of Compensation of Attorney for Debtor ("Disclosure") in *In re Phifer* [Case No. 00–44958] while the case was a Chapter 13 proceeding.[3] In said Disclosure, Soforenko states that she agreed to accept $2,500.00 for legal fees and had received $500.00 thus far. Soforenko further states in the Disclosure that she "[has] not agreed to share the above-disclosed compensation with any other persons unless they are members and associates of my law firm."

On August 17, 2001, a 341 meeting was scheduled in the *Phifer* case. Soforenko made arrangements to have Fullwood attend the meeting on her behalf. Fullwood

1. Soforenko's practice consist primarily of domestic and bankruptcy law. Soforenko also has a law office located in Newton, Massachusetts.

2. All of the 341 meetings that Fullwood attended on Soforenko's behalf took place in Springfield, Massachusetts, with the exception of one or two which took place in Worcester, Massachusetts.

3. On April 17, 2001, this Court converted the case to a Chapter 7 proceeding. The United States Trustee appointed David Ostrander as the Chapter 7 Trustee.

was not permitted to represent the client at the meeting because the Chapter 7 Trustee, David Ostrander ("Ostrander"), informed her that Soforenko needed to be present. Soforenko paid Fullwood $50.00 for attending this 341 meeting despite the fact that she was not allowed to represent the client. Thereafter, in September 2001, the UST convened a meeting with Soforenko, Fullwood, and Ostrander in order to discuss the fee sharing arrangement. During this meeting, Soforenko informed the UST that she was going to place Fullwood on her malpractice insurance.

After Soforenko realized that the fee sharing arrangement between her and Fullwood was problematic, she sought advice from fellow attorneys regarding what she could do to remedy the problem. As a result of such conversations, Soforenko placed Fullwood on her office letterhead as being "of counsel" to her law practice (Soforenko Exhibit # 1) and apparently made arrangements to place Fullwood on her legal malpractice insurance.[4]

On September 25, 2001, the UST filed a Motion to Determine Reasonableness of Compensation and Fee Arrangement in *Phifer* [Docket No. 80]. The UST argues in said Motion that the fee sharing arrangement between Soforenko and Fullwood is improper under Section 504 of the Bankruptcy Code and that the fees are unreasonable under Section 329 of the Bankruptcy Code.

On September 27, 2001, after the fee sharing issue was raised by the UST, Soforenko filed a Motion to Amend her Statement of Attorney Compensation/Rule

2016(b) [Docket No. 16] in *In re Greer* [Case No. 01–44560], a Chapter 13 proceeding. In that Motion, Soforenko informs the Court that Fullwood is "of counsel" to her law firm for the purpose of handling 341 meetings. Soforenko states in her Disclosure to this case that she agreed to accept $2,500.00 in legal fees and has received $745.00 thus far. She further states that "I have agreed to share the above-disclosed compensation with a person or persons who are *not* members or associates of my law firm." (emphasis added). The Agreement, which is attached to her Disclosure, states that "Julia Fullwood, Esq. is 'Of Counsel' to my law firm. I have agreed to give her $50.00 for attending and handling the 341 meeting of creditors."

On September 28, 2001, Fullwood attended *Greer's* 341 meeting. During such meeting, the Chapter 13 Trustee asked the Debtor if he knew that Fullwood was going to attend the 341 meeting on Soforenko's behalf and he responded that he did not.[5] (See UST's Exhibit # 1).

## II. DISCUSSION

 Although the sharing of fees among attorneys not otherwise associated is permitted in certain instances under Massachusetts law, i.e. See Rule 1.5(e) of the Massachusetts Rules of Professional Conduct, the Bankruptcy Code is more restrictive. The sharing of compensation by attorneys is generally prohibited by bankruptcy law except under limited circumstances. *In re Matis*, 73 B.R. 228, 231 (Bankr.N.D.N.Y.1987); *In re Maller Restaurant Corp.*, 57 B.R. 72, 74 (Bankr.

---

4. It is unclear if or when Soforenko placed Fullwood on her malpractice insurance because Soforenko failed to provide the Court with any evidence on this issue. If Fullwood is in fact on Soforenko's malpractice insurance, she was placed on it some time after September 2001.

5. It has been represented to this Court that Fullwood has not covered a 341 meeting on Soforenko's behalf since cover the 341 meeting in *Greer*.

E.D.N.Y.1985). Section 504 of the Code provides that "a person receiving compensation or reimbursement under section 503(b)(2) or 503(b)(4) of this title may not share or agree to share—(1) any such compensation or reimbursement with another person; or (2) any compensation or reimbursement received by another person under such sections." 11 U.S.C. § 504(a). However, "[a] member, partner, or regular associate in a professional association, corporation, or partnership may share compensation or reimbursement received ... under section 503(b)(2) or 503(b)(4) of this title with another member, partner, or regular associate in such association, corporation, or partnership ..." 11 U.S.C. § 504(b).

■ "Section 504 prohibits the sharing of compensation, or fee splitting, among attorneys, other professionals, or trustees. The section provides only two exceptions: partners or associates in the same professional association, partnership, or corporation may share compensation inter se; and attorneys for petitioning creditors that join in a petition commencing an involuntary case may share compensation." H.R.Rep. No. 595, 95th Cong., 1st Sess. 356 (1977), U.S.Code Cong. & Admin.News pp. 5963, 6311–12; S.Rep. No. 989, 95th Cong., 2d Sess. 67 (1978), U.S.Code Cong. & Admin.News pp. 5787, 5853. Accordingly, fee sharing among attorneys is generally prohibited under the Bankruptcy Code unless the relationship between the attorneys falls within one of the narrow exceptions.

Section 504 "illustrates a Congressional intent to preserve the integrity of the bankruptcy process so that professionals engaged in bankruptcy cases attend to their duty as officers of the bankruptcy court, rather than treat their interest in bankruptcy cases as 'matters of traffic.'"

*In re Matis*, 73 B.R. at 231, citing 3 Collier on Bankruptcy, ¶ 504.02[1], 508–8 & 9 (15th ed.1986). This legislation was enacted because Congress wanted to decrease the tendency of an attorney from increasing legal fees to offset the compensation for the attorney with whom the fee will be shared. Collier on Bankruptcy, ¶ 504.01 at 504–2. Another concern of fee splitting is that it "subjects the professional to outside influences over which the court has no control, which tends to transfer from the court some degree of power over expenditure and allowances." Collier on Bankruptcy, ¶ 504.01 at 504–2.

Any attorney representing a debtor must file with the Court a statement of compensation paid or agreed to be paid "whether or not such attorney applies for compensation." 11 U.S.C. § 329. Every debtor attorney must file with the UST "the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required." Fed. R. Bankr.P.2016(b). Soforenko filed a Disclosure pursuant to Fed. R. Bankr.P. 2016(b) in both cases at issue here. However, she only disclosed the fee sharing arrangement with Fullwood in *Greer*.

As stated earlier, Section 504 applies to compensation paid pursuant to Sections 503(b)(2) and 503(b)(4) of the Code. Soforenko received compensation under Section 503(b)(2) of the Bankruptcy Code in both cases.[6] Accordingly, Section 504(a) of the Code is applicable to both cases at bar.

---

**6.** "[T]here shall be allowed administrative expenses ... including—compensation and reimbursement awarded under section 330(a) of this title." 11 U.S.C. § 503(b)(2).

Additionally, there is no dispute that fee sharing occurred between Fullwood and Soforenko. Therefore, the only issue before the Court to determine is whether the fee sharing agreement fits under one of the narrow exceptions under the Code.

If Fullwood is a "member", "partner" or "regular associate" of Soforenko's law firm, the fee sharing agreement is permissible. See 11 U.S.C. § 504(b). Soforenko argues that her fee sharing arrangement with Fullwood is not violative of the Bankruptcy Code because their relationship falls under one of the exceptions enumerated in Section 504(b). Specifically, Soforenko argues that Fullwood is a "member" of her law firm because she is "of counsel" to said firm. The challenge to this Court comes in defining the terms "member", "partner", "regular associate", and "of counsel".[7] Section 101 of the Bankruptcy Code does not define any of these terms. Neither the Section's legislative history, nor case law interpreting the Section, lend much assistance.

■ "A lawyer who is acting 'of counsel' for a law firm and is held out to the public will be regarded as a 'member' within 11 U.S.C. § 504, so as to be free from statutory limitations on fee sharing arrangements." *Lemonedes v. Balaber–Strauss* (*In re Coin Phones*), 226 B.R. 131, 132 (S.D.N.Y.1998) (citation omitted). In *In re Coin Phones*, the attorney seeking compensation was an independent practitioner who worked with the law firm retained by the debtor on a case by case basis in the status of "of counsel". *Id.* The law firm was authorized to act on the debtor's behalf, however, the application for the firms' retention did not mention the individual

attorney. *Id.* The court, in dicta, stated that the fee sharing arrangement was appropriate because the attorney was held out by the law firm, and "he held himself out as a person acting on behalf of and affiliated with the ... firm." *Id.* at 133.

■ At all relevant times, Fullwood was not "of counsel" to Soforenko's law practice because she did not hold herself out and Soforenko did not hold her out as being "of counsel" to her practice. Soforenko argues that there are two factors that points to Fullwood being "of counsel" to her law firm. First, Fullwood was placed on her malpractice insurance and, second, she is listed on her letterhead as "of counsel" to her law practice. However, these two events occurred *after* Fullwood represented the two Debtors at the 341 meetings. At best, Soforenko added Fullwood to her malpractice insurance and listed Fullwood as "of counsel" to Soforenko's law practice sometime in October or November 2001 and the 341 meetings Fullwood attended took place in August and September 2001. Additionally, in the Disclosure that Soforenko filed with this Court in *Greer*, she states that she has agreed to share compensation with a person who is *not* a "member" or "associate" of her law firm. Therefore, Soforenko herself admits that Fullwood is not a member of her law firm. If Fullwood was in fact a "member" of Soforenko's law practice, Soforenko was not required to disclose the fee sharing arrangement. However, it was precisely because they were not "members" or "associates" that Soforenko made the fee sharing disclosure.

This Court finds that the fee sharing arrangement between Soforenko and Full-

---

**7.** According to Fed. R. Bank. P. 9001(9), " 'regular associate' means any attorney regularly employed by, associated with, or counsel to an individual or firm." Although Soforenko argues that her relationship with Fullwood is that of a "member" and not a "regular associate", this Court also considered whether the relationship was that of "regular associates" and concluded that it was not.

wood relative to the two cases at issue here is prohibited by the Bankruptcy Code because at the time Soforenko was representing the aforementioned clients, Fullwood was not "of counsel" to her law practice. It was only after Fullwood's representation at the Debtors' 341 meetings and after having conversations with colleagues that Soforenko placed Fullwood on her letterhead and perhaps on her malpractice insurance thus making a subsequent attempt to remedy the Section 504 problem. This Court is not convinced that had Fullwood been listed as "of counsel" on Soforenko's letterhead and been placed on her malpractice insurance prior to the 341 meetings that they would have been "members" of the same law firm.

There are a number of factors that convinces this Court that Fullwood was not and is not "of counsel" to Soforenko's law practice. Soforenko does not consistently use the letterhead in which Fullwood is listed as "of counsel" and she continues using letterhead that does not list Fullwood. There is a lack of a written agreement between the parties indicating that they are members of the same law firm.[8] Soforenko does not advertise with Fullwood as being "of counsel" to her law practice. Fullwood is not listed on Soforenko's business cards. Soforenko does not provide written engagement letters to her clients stating that Fullwood is "of counsel" to her law practice. Fullwood has her own letterhead for her law practice and does not list Soforenko as being "of counsel" but she lists Joel Soforenko, Soforenko's brother, on her letterhead as being "of

counsel".[9] Fullwood maintains her own malpractice insurance and Soforenko is not listed on it. Fullwood maintains her own business cards and does not list Soforenko on them as being "of counsel" to her law practice.

Soforenko and Fullwood presently share an office space in Springfield. They each pay $350.00 for rent and they split the electricity bills. They share the use of the fax machine and photocopier. Fullwood operates out of the bigger office and maintains one employee and Soforenko works out of the smaller office. Fullwood and Soforenko have separate telephone numbers. Fullwood maintains her own law practice and has own clients. She maintains independent liability insurance and IOLTA accounts. According to the UST, Fullwood represented to him that she was not an employee, member, or associate with Soforenko's law office; instead she was an independent attorney contracting to represent Soforenko's clients at 341 meetings. Accordingly, it appears that the relationship between Soforenko and Fullwood is that of independent co-counsel. In this Court's view, Soforenko's thought was to put a label of "of counsel" on Fullwood, yet not have a legal relationship with her; without an identifiable legal relationship, the fee sharing engaged in here was prohibited. As in *In re Matis*, the relationship between Soforenko and Fullwood at the time of the 341 meeting was at best simply that of sharing office space.

In *In re Matis*, the debtor retained Leon J. DeBernardis ("DeBernardis") to

---

**8.** This Court is not implying that a written agreement is needed in order for attorneys to be members of a law firm or that the sole existence of a written agreement establishes membership. A written agreement, or lack thereof, is only one out of many factors a Court can look to in establishing whether or not two attorneys are members of the same law practice. The standard described in *Ma-*

*tis, infra,* of an "identifiable legal relationship" is a factual one, to be determined on a case by case basis. *Matis*, 73 B.R. at 232.

**9.** Based on that "of counsel" relationship, Fullwood shares compensation with Joel Soforenko on bankruptcy and non bankruptcy cases and pays him $150.00 an hour.

represent him in a Chapter 11 proceeding. Once the case was filed, all contact with DeBernardis ended and the debtor was represented and counseled solely by Brett W. Martin ("Martin"). *In re Matis*, 73 B.R. at 233. The court concluded that the relationship between the two attorneys was nothing more than that of "office sharing." *Id.* at 232. DeBernardis permitted Martin to share his suite of offices, waiting room, parking space, photocopy machine, and supplies in return for a "minimal rental" fee of $175.00 per month. *Id.* The court found that part of the motivation for DeBernardis entering such an arrangement was so that he could refer cases to Martin and split on such referrals. *Id.* at 233. "An examination of the documents filed with this Court fail to indicate any relationship between [the attorneys] other than that of independent co-counsel", therefore, the court held that the fee sharing arrangement was in "obvious violation of Code 504(a)."[10] *Id.* at 233–234. The court utilized Section 329(b) to order the return of fees paid by the debtor to his attorney pre-petition to the extent they were excessive. *Id.* at 234.

■ The UST also argues in his Motion that the Debtors were never informed of Fullwood's representation of them during the 341 meetings. The Chapter 13 Trustee testified during the evidentiary hearing that she had approximately three cases in which Soforenko's clients either did not know that Fullwood was going to represent them at the two 341 meetings or such clients were informed the night prior regarding such representation. On the other hand, Soforenko contends that her clients were informed of Fullwood's repre-

sentation. However, this Court finds that the Debtors' knowledge or consent regarding representation at the 341 meetings does not validate an otherwise impermissible fee sharing arrangement. Knowledge and/or consent or lack thereof go to the quality of the representation but are not relevant in the analysis under Section 504.

The UST further argues that Soforenko's fees are excessive pursuant to 11 U.S.C. § 329. Under Section 329(a) of the Code, "[i]f such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to (1) the estate ... or ... (2) the entity that made such payment."

■ Although the Court does not believe that Soforenko and Fullwood intentionally violated Section 504 of the Code, it was nonetheless violated. In order to maintain the integrity of the bankruptcy process, such violations, even if inadvertent, need to be addressed by the Court. "Generally, a finding of improper sharing of compensation results in a denial or disgorgement of compensation." Collier on Bankruptcy, ¶ 504.02[8] at 504–10. The *Matis* court, after finding a violation of Section 504(a), looked to former Bankruptcy Rule 219 which provided that if a person violates the rule's proscription against sharing compensation, "the court may deny him compensation ... or may enter such other order as may be appropriate", and opined that "there is no reason to conclude that the Court does not still retain such discretion to deny compensation." *In re Matis*, 73 B.R. at 234. Without additional information, however, the

---

**10.** "Code § 504 represents a significant departure from prior bankruptcy law dealing with the sharing of compensation." *In re Matis*, 73 B.R. at 230. Section 62 of the Bankruptcy Act of 1898, as amended, allowed the sharing of compensation by attorneys as

long as the other attorney contributed to the case. *Id.* However, the Code now prohibit *all* sharing of compensation unless one of the exceptions enumerated in the Code is present. *Id.*

Court cannot determine whether Soforenko's fees are reasonable and whether disgorgement of some or all of the fees is appropriate.

## III. CONCLUSION

For the foregoing reasons, having reviewed the pleadings, arguments of counsel, and testimony of three witnesses, this Court ALLOWS the Motion of the United States Trustee to Determine Reasonableness of Compensation and Fee Arrangement [Docket No. 80] and finds that the fee sharing arrangement between Soforenko and Fullwood relative to these two cases was in violation of 11 U.S.C. § 504. Accordingly, this Court finds that the fee sharing arrangement between Soforenko and Fullwood is void and DENIES Debtor's Motion to Amend Statement of Attorney Compensation/Rule 2016(b) [Docket No. 16] in the *Greer* case.

This Court further Orders Soforenko to file a fee application in these two cases. Additionally, until further notice by this Court, Soforenko shall file a fee application in all Chapter 13 cases before this Court, including Chapter 13 cases that were subsequently converted to Chapter 7, beginning from August 17, 2001 to the present, in which Soforenko and Fullwood had a similar relationship. Once this Court receives the aforementioned fee applications, it will be in a better position to decide if any fees are excessive and if it will order the disgorgement of any fees found to be excessive. This Court will not issue an injunction enjoining the parties from continuing their arrangement in other cases as this Court expects that Soforenko and Fullwood, as officers of the Court, will at all times act in accordance with the Bankruptcy Code and Rules.