2003 VT 65

**WEBBER, REIS, HOLLER & URSO, LLP v. MILLER, FAIGNANT & BEHRENS and Lisa Chalidze**

[834 A.2d 6]

No. 02-395

¶ 1. July 15, 2003. This appeal of an order of the Rutland Superior Court granting summary judgment to defendants, Lisa Chalidze and Miller, Faignant & Behrens, PC, arises from plaintiff's attempt to recover a portion of the attorney's fees awarded to defendants in a bankruptcy case still pending in bankruptcy court. Plaintiff Webber, Reis, Holler & Urso, LLP contends that it deserves this fee award due to its work in the bankruptcy case and also pursuant to an agreement between plaintiff and defendant Chalidze to share the fees. Plaintiff argues on appeal that the superior court erred in concluding that it lacked subject matter jurisdiction because the bankruptcy court had exclusive jurisdiction. Based on the facts of this case and the procedural posture of the underlying bankruptcy case, we find that the superior court lacked subject matter jurisdiction over this dispute, and therefore affirm.

¶ 2. The following facts are undisputed. From July 1992 through January 1997, defendant Chalidze was a partner at Hull, Webber & Reis (HWR), the predecessor firm of plaintiff. Attorneys Robert Reis and Lisa Chalidze, both of HWR, filed an application for employment with the bankruptcy court as required by 11

U.S.C. § 327 and Fed. R. Bankr. P. 2014, in order to represent their clients, the Vescios, in bankruptcy proceedings involving Merchants Bank. The bankruptcy court approved the application on July 26, 1996.

¶ 3. On January 1, 1997, defendant Chalidze left Hull, Webber & Reis and became "of counsel" to defendant Miller, Faignant & Behrens, PC. As a result of the change, attorneys Reis and Chalidze then filed an amended employment application with the bankruptcy court on January 3, 1997. Around that same time, attorney Christopher Reis joined HWR, and on January 16, 1997, Merchants Bank filed a motion to disqualify HWR from representing the Vescios due to Christopher Reis's prior representation of Merchants Bank in a number of bankruptcy and foreclosure cases, which exposed him to confidential information related to the bankruptcy case involving the Vescios. The bankruptcy court granted the Bank's motion to disqualify, and in an order filed on February 7, 1997, declared, "The Court holds that [Christopher] Reis is disqualified from representation because his involvement in the Vescios' case would violate the dictates of Canons 4, 5 and 9 of the State of Vermont's Code of Professional Responsibility. As a result, the firm of HWR is also disqualified from representation of the Vescios."

¶ 4. On May 2, 1997, defendant Lisa Chalidze filed another amended employment application, this time with attorney John Paul Faignant. The bankruptcy court approved the application in an order amending the July 26, 1996 employment application order to approve the employment of Chalidze, Faignant, and Miller & Faignant, PC, Faignant's firm at that time, "to serve as special co-counsel nun[c] pro tunc to July 26, 1996." The presiding bankruptcy judge recused himself from the case in June 1999, and the case was referred to the United States District Court for the District of Vermont. In December 1999, the Vescios waived the right to present further live testimony in exchange for $195,000 from Merchants Bank. On April 27, 2001, the U.S. District Court approved the agreement, ordering the matter to be decided on the written record, with no further evidence taken, and disbursement of $202,165.25, paid by Merchants Bank, to the Vescios "free and clear of the claims of all creditors or other parties or entities, less one-third thereof payable to Lisa Chalidze, Esq. and Miller, Faignant & Behrens PC pursuant to the previously-approved contingency fee."

¶ 5. Plaintiff then filed this suit in Rutland Superior Court on May 17, 2001, alleging breach of contract, constructive trust and unjust enrichment. Defendants filed motions for summary judgment arguing that the Bankruptcy Code prohibits the payment of fees to plaintiff because plaintiff was denied approval by the bankruptcy court. The court granted summary judgment to defendants on June 24, 2002, "on the grounds that this court lacks jurisdiction to hear this matter," and on July 30, 2002, the court entered a final judgment in favor of defendants on all claims. This appeal followed. The underlying bankruptcy proceedings were still pending at the time of appeal.

¶ 6. Bankruptcy courts, through the United States district courts, have exclusive jurisdiction over the matter of attorney's fees in a bankruptcy proceeding. *Edgewater Sun Spot, Inc. v. Pennington & Haben, P.A.* (*In re Edgewater Sun Spot, Inc.*), 183 B.R. 938, 943 (N.D. Fla. 1995), *aff'd,* 84 F.3d 438 (11th Cir. 1996); *Bright v. Fred C. Sproul, Inc.*, 616 P.2d 189, 190 (Colo. Ct. App. 1980). Several provisions of the federal Bankruptcy Code enable the bankruptcy courts to retain strict control over the employment and compensation of attorneys in bankruptcy proceedings. Under 11 U.S.C. § 327, attorneys must receive court approval of their employment in bankruptcy court so that the bankruptcy court

may determine that they do not hold or represent an interest adverse to the estate and that they are disinterested persons. An attorney's fee must also be approved by the bankruptcy court, and the attorney must prove that such fees are reasonable. 11 U.S.C. § 330. Additionally, federal bankruptcy law prohibits the sharing of compensation, received under § 503(b)(2) or (b)(4) of the Bankruptcy Code, among attorneys. 11 U.S.C. § 504. These code sections allow the bankruptcy court to closely supervise any award of attorney's fees in bankruptcy proceedings, decreasing the possibility that an attorney will inflate the amount of compensation sought from the estate in order to counterbalance any reduction in the attorney's portion of the shared fee award. *In re Greer*, 271 B.R. 426, 430 (Bankr. D. Mass. 2002); 4 A. Resnick & H. Sommer, Collier on Bankruptcy ¶ 504.01, at 504-3 (15th ed. 2003).

¶ 7. There is no question that the superior court would be without jurisdiction to determine a claim for attorney's fees in an open bankruptcy proceeding if plaintiff had brought its claim against the estate directly. Plaintiff argues, however, that because this is a lawsuit between attorneys, and not a lawsuit directly against the bankruptcy estate, the superior court has jurisdiction. We disagree. We cannot permit plaintiff to circumvent the bankruptcy court's authority to determine the allocation of attorney's fees, which Congress conferred upon it, simply because plaintiff brings a suit against the employed attorneys and not directly against an estate. By bringing suit in superior court, plaintiff effectively strips the bankruptcy court of the ability to determine the reasonableness of plaintiff's fee, 11 U.S.C. §§ 330, 503, as well as whether plaintiff's application for compensation should be denied pursuant to 11 U.S.C. § 328(c), which grants the bankruptcy court the discretion to deny compensation if, at any time during employment, the attorney is not a disinterested person or represents or holds an interest adverse to the interest of the estate.

¶ 8. Plaintiff's argument — that the bankruptcy court does not have exclusive jurisdiction because plaintiff is suing the attorneys and not an estate directly — ignores the fact that the bankruptcy case is still open and that future awards of attorney's fees could be made, thereby affecting the property or assets of the estate under the core control of the bankruptcy court. These standards and prohibitions were put in place so that the bankruptcy court would have full control, during the pendency of the underlying proceedings, over any award of attorney's fees related to the bankruptcy case. See, e.g., *DeRonde v. Shirley (In re Shirley)*, 134 B.R. 940, 944 (B.A.P. 9th Cir. 1992) (holding that the Bankruptcy Code precludes an attorney from pursuing, in state court, the recovery of "fee awards for services performed on behalf of a bankruptcy estate based upon state law theories not provided for by the Code").

¶ 9. Significantly, this case does not involve a lawsuit brought *after* the conclusion or dismissal of the underlying bankruptcy case by the bankruptcy court. The case cited by plaintiff, *Lemonedes v. Balaber-Strauss (In re Coin Phones, Inc.)*, 226 B.R. 131, 134 (S.D.N.Y. 1998), *aff'd*, 189 F.3d 460 (2d Cir. 1999), is distinguishable on this basis. In *Coin Phones*, the Southern District of New York affirmed the bankruptcy court's refusal to adjudicate a fee sharing dispute between an "of counsel" attorney and a law firm, and concluded that the state court was the more appropriate forum for such a dispute. After finding that the attorney was free from statutory limitations on fee sharing arrangements due to his status as an "of counsel" attorney, the district court explained:

> The state court provides an adequate forum and appropriate

remedies both in equity and at law, for the general run of disputes between law partners, joint venturers and persons in similar relationships.... The regular work of a bankruptcy court could be compromised seriously should it hold itself out as the arbiter of disputes between law partners or between lawyers who have become joint venturers as to a single matter.

*Id.* at 134. The underlying bankruptcy case in *Coin Phones,* however, had been resolved and the bankruptcy court had already ordered a final award of compensation and reimbursement of expenses from the estate to the law firm. In contrast, the underlying bankruptcy case here has not concluded, and the fee award was made in the interim based on one-third of the $202,165.25 disbursement gained from the agreement with Merchants Bank regarding the presentation of witnesses at trial. Additionally, there has been no finding that such a fee-sharing arrangement would not violate the prohibition on fee-sharing contained in the Bankruptcy Code. See 11 U.S.C. § 504.

¶ 10. Plaintiff claims that the fee-sharing arrangement between plaintiff and defendant Chalidze falls within an exception to this prohibition on fee splitting. Section 504(b)(1) states, "A member, partner, or regular associate in a professional association, corporation, or partnership may share compensation or reimbursement received under section 503(b)(2) or 503(b)(4) of this title with another member, partner, or regular associate in such association, corporation, or partnership ...." *Id.* § 504(b)(1). Defendant Chalidze, however, is no longer a partner in plaintiff's law firm, and defendant Miller, Faignant & Behrens has never been associated with plaintiff in this regard. The appropriate forum for a determination of whether plaintiff is entitled to a share of the fee awarded to defendants is the bankruptcy court.

¶ 11. We will not usurp the jurisdiction of the bankruptcy court where the court has already acted on the matter by issuing an order granting attorney's fees solely to defendants based on the preliminary agreement between Merchants Bank and the Vescios, and where the underlying bankruptcy case remains open. The superior court correctly concluded that this case falls within the exclusive jurisdiction of the bankruptcy court.

*Affirmed.*